J-S16027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAMUEL GARCIA | : | |
| | : | |
| Appellant | : | No. 1959 EDA 2020 |

Appeal from the PCRA Order Entered September 14, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014282-2014

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED SEPTEMBER 21, 2021**

Samuel Garcia appeals from the order denying his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Garcia claims that the PCRA court erred in denying his PCRA petition because he raised meritorious claims that trial and appellate counsel were ineffective. He also alleges that the PCRA court erred in denying his request for an evidentiary hearing. We affirm.

Before proceeding to trial, Garcia litigated a Pa.R.Crim.P. 600 motion arguing that the Commonwealth failed to act with due diligence to bring his case to trial. Motion to Dismiss Pursuant to 600(A), filed 7/26/16. Following a hearing, the trial court denied the motion and Garcia proceeded to trial.

---

[*] Former Justice specially assigned to the Superior Court.

On August 21, 2016, the trial court found Garcia guilty of attempted murder, aggravated assault, possession of an instrument of crime ("PIC"), simple assault, and recklessly endangering another person ("REAP").[1] The trial court sentenced Garcia to 15 to 30 years' incarceration for attempted murder and a consecutive term of two and one-half to five years' incarceration for PIC.[2] We affirmed the judgment of sentence. *Commonwealth v. Garcia*, No. 2271 EDA 2017, 2019 WL 1307403 (Pa.Super. March 21, 2019) (unpublished memorandum).

Garcia filed the instant timely PCRA petition on June 21, 2019. The PCRA court appointed counsel who then filed an amended petition. The court issued notice of intent to dismiss the petition under Pa.R.Crim.P. 907 and ultimately dismissed the petition. *See* Order, filed 9/14/2020. This timely appeal followed.

Garcia raises the following issues:

I.   Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that trial court was ineffective for failing to protect [Garcia's] constitutional right to a jury trial, as well as his constitutional right to a speedy trial[?]

II.  Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that

_____

[1] 18 Pa.C.S.A. §§ 901, 2502, 2702(a)(1), 907, 2701, and 2705, respectively.

[2] The attempted murder conviction merged with the aggravated assault conviction and the PIC conviction merged with both the simple assault and REAP convictions.

appellate counsel was ineffective for failing to challenge both the sufficiency and weight of the evidence on direct appeal[?]

III.    Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish violations of [Garcia's] constitutional rights to a speedy trial, a trial by jury, effective representation of counsel, and due process[?]

IV.    Whether the PCRA court erred by failing to grant an evidentiary hearing[?]

Garcia's Br. at 9.

When reviewing the denial of a PCRA petition, we determine "whether the PCRA court's conclusions are supported by record evidence and are free of legal error." *Commonwealth v. Williams*, 950 A.2d 294, 299 (Pa. 2008).

In his first issue, Garcia argues that the PCRA court erred in denying his claim that trial counsel was ineffective. He claims that counsel failed to protect his constitutional right to a jury trial and a speedy trial. Garcia's Br. at 14. He maintains that "[t]he trial record is silent and offers no documentation to establish that a written jury trial waiver form was signed by [Garcia] or that an oral colloquy was performed[.]" *Id.* He also argues that trial counsel did not protect his right to a speedy trial by filing a Rule 600 motion that was void of case law and provided no legal authority to aid the trial court in deciding on the motion. *Id.*

Counsel is presumed effective. To overcome this presumption, a petitioner must plead and prove that: "(1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and

(3) counsel's action or inaction resulted in prejudice to petitioner." **Commonwealth v. Mason**, 130 A.3d 601, 618 (Pa. 2015). Prejudice is proven where the petitioner shows that but for counsel's actions, there is a reasonable probability that the outcome of the case would have been different. **Id.** All three prongs must be satisfied for an ineffectiveness claim to be successful. **Commonwealth v. Dennis**, 950 A.2d 945, 954 (Pa. 2008).

The substantive claims that underlie Garcia's ineffectiveness claims lack arguable merit. The record belies his assertion that there is no evidence that he completed a written jury trial waiver form or that the court conducted an oral colloquy. Garcia acknowledged on the record at trial that he completed a written jury trial waiver form, and the court also conducted an oral colloquy with him regarding his decision to waive his right to a jury. **See** N.T. 8/31/16 at 7-10. The trial court asked whether Garcia understood that by signing the form that he was waiving his right to a jury trial. Garcia responded, "Yes sir." **Id.** at 8-9. His claim of ineffective assistance of counsel therefore fails. **See Dennis**, 950 A.2d at 954.

Garcia also claims that trial counsel was ineffective for failing to protect his right to a speedy trial by filing a Rule 600 motion without referencing case law. Rule 600 provides that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(2)(a). When trial has not commenced within that time, a defendant "may file a written motion

requesting that the charges be dismissed with prejudice on the ground that this rule has been violated." Pa.R.Crim.P. (D)(1).

Garcia essentially maintains counsel's Rule 600 motion was inadequate because it did not reference case law that would allegedly have supported it. This argument is meritless because at the hearing on the motion, counsel presented case law to the court supporting his position that the motion should be granted. *See* N.T., Motion Vol. 1, 8/25/16, at 2. Furthermore, on direct appeal, this Court concluded that the trial court did not err in denying Garcia's Rule 600 motion. *Garcia*, 2019 WL 1307403 at *4. Counsel cannot be ineffective when a violation of Rule 600 did not exist. Thus, his ineffectiveness claim fails. *See Dennis*, 950 A.2d at 954.

Next, Garcia argues that appellate counsel was ineffective for failing to challenge the sufficiency and weight of the evidence on direct appeal. He also claims that counsel failed to file a Pa.R.A.P. 1925(b) statement and that the failure to do so "resulted in foreclosure of the essential claims on appeal and equates to ineffective representation *per se*[.]" Garcia's Br. at 17.

This claim of ineffectiveness also fails. First of all, counsel filed a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b) Statement, filed 8/14/17. Second, Garcia makes the bald claim that appellate counsel failed to challenge the sufficiency and weight of the evidence, but he does not develop the claim in the argument section of his brief. He does not allege that these challenges would have been successful and does not discuss the facts of this case or cite to the record regarding the sufficiency or weight of the evidence. "[I]t is an

appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa.Super. 2010). Without further argument on this issue, Garcia has not shown that the underlying claim of ineffective assistance has arguable merit and therefore the claim fails.

Garcia also maintains that the PCRA court erred in denying his petition because he presented valid claims of constitutional violations such as his right to a speedy trial, a jury trial, effective assistance of counsel, and due process. He argues that his due process rights were violated because the Commonwealth did not prove all the elements of the crimes beyond a reasonable doubt. ***See*** Garcia's Br. at 19.

As discussed above Garcia's claims that he was denied the right to a speedy trial and a jury trial are meritless. Additionally, Garcia has failed to overcome the presumption that counsel is effective, having failed to prove that the underlying claims of trial or appellant counsel's alleged ineffectiveness had arguable merit. Concerning Garcia's claim that his due process rights were violated, the PCRA court concluded that the Commonwealth presented sufficient evidence of each crime.

> The record reflects more than sufficient evidence to support [Garcia's] conviction[s]. The most significant piece of evidence is a video of the altercation. N.T., Bench Trial, 8/31/16, at 16. The trial court made a factual determination that [Garcia] was the individual in the video that attacked the victim. Further, the victim was present at trial to describe the altercation as well her significant and

- 6 -

> debilitating injuries that resulted from the offense. N.T., Bench Trial, 8/31/16, at 30-66 (victim's testimony and cross-examination); *id.* at 100-102 (discussing victim's medical records). Viewed in the light most favorable to the Commonwealth as verdict-winner, this evidence is insurmountable.

Pa.R.A.P. 1925(a) Op., filed 12/4/20, at 12-13. Upon a review of the record, we conclude that the PCRA court did not commit legal error and its conclusion is supported by the record. There was sufficient evidence supporting that Garcia committed each crime and therefore his due process rights were not violated.

For his final claim, Garcia alleges that the PCRA court erred in denying his request for an evidentiary hearing. He argues that the trial court was required to hold an evidentiary hearing before deciding on the merits of his claims. *See* Garcia's Br. at 20. He maintains that he raised claims that were "legitimate, based on fact, and supported by legal precedent." *Id.* at 21.

"'There is no absolute right to an evidentiary hearing on a PCRA petition.'" *Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa.Super. 2019), *appeal denied*, 218 A.3d 380 (Pa. 2019) (citation omitted). We therefore review the denial of a request for an evidentiary hearing by "'determin[ing] whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.'" *Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa.Super. 2018) (citation omitted). Additionally, if "there are no disputed factual issues, an

evidentiary hearing is not required." *Id.* (quoting ***Commonwealth v. Morris***, 684 A.2d 1037, 1042 (Pa. 1996)).

Garcia has not presented any issues of material fact. As explained above, his claims of ineffective assistance of trial and appellate counsel are meritless as well as his claim that his constitutional rights were violated. Garcia also has not suggested any material question of fact that the PCRA court could not resolve without holding an evidentiary hearing. Therefore, we conclude that the PCRA court properly denied Garcia's request for an evidentiary hearing and did not err in denying his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2021